# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                          CRIMINAL ACTION

VERSUS                                             13-146-SDD-SCR-2

CHRIS E. WILLIAMS

## RULING

This matter is before the Court on the Defendant's *Motion to Vacate under 28 U.S.C. 2255.*[1]  The Government has filed an *Opposition*[2] to this motion.  The Defendant contends he was denied effective assistance of counsel which caused him to enter a guilty plea that was not knowing and voluntary.   Specifically, Defendant contends his counsel misrepresented the consequences of the plea agreement and the possible sentence he was facing, failed to timely raise objections and appeals to his sentence, and failed to withdraw the Defendant's guilty plea.   The Defendant further argues that the recent Supreme Court decision in *Johnson v. United States*[3] regarding the residual clause of the Armed Career Criminal Act of 1984 (ACCA),[4] applies to his sentence.

## I.     BACKGROUND FACTS

On October 31, 2013, the Defendant, Chris E. Williams, was charged by Indictment with conspiracy to possess with the intent to distribute five kilograms or more of cocaine

---

[1] Rec. Doc. No. 108. *See also Amended Argument*, Rec. Doc. No. 116.
[2] Rec. Doc. No. 129.
[3] 135 S.Ct. 2551 (June 26, 2015).
[4] 18 U.S.C. § 924(e).
30883

in violation of 21 U.S.C. § 846 (Count 1); possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(Count 2); and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count 4).  On January 22, 2014, the Defendant pled guilty to these charges pursuant to a written plea agreement.[5]   On April 30, 2014, the Defendant was sentenced to 210 months of imprisonment on Counts 1 and 4 to run concurrently and a consecutive sentence of 60 months on Count 2, resulting in a total of 270 months imprisonment.[6]

During the Re-arraignment, the Defendant was thoroughly questioned by the Court concerning the knowing and voluntary nature of his guilty pleas.[7]  The Defendant was sworn before answering any questions, and he stated under oath that he understood the maximum possible penalties.   In the plea agreement, the Defendant agreed that he waived his right to appeal his convictions and sentence with three limited exceptions:  (a) any punishment imposed in excess of the statutory maximum; (b) any punishment that was an upward departure pursuant to the guidelines; and (c) any punishment that was above the guidelines range calculated by the Court.[8]  The Defendant also acknowledged that he faced a mandatory maximum sentence of 15 years under the plea agreement.[9] In the plea agreement, the Defendant acknowledged that he had no agreement with the Government other than that contained in the plea agreement, and that no promises or inducements were made to him to obtain the plea agreement.[10]   Defendant likewise

---

[5] Rec. Doc. Nos. 33 & 34.
[6] Rec. Doc. No. 57.  The Defendant was also sentenced to five years of supervised release.
[7] *See* Rec. Doc. No. 82, Transcript of Re-Arraignment, pp. 2-23.
[8] *Id.* at pp. 19-20; Rec. Doc. No. 33, p. 4.
[9] *Id.* at pp. 5-8; Rec. Doc. No. 33, pp. 4-6.
[10] Rec. Doc. No. 33, p. 9.
30883

acknowledged that he had not been threatened, intimidated or coerced in any manner.[11] The last paragraph of the plea agreement demonstrates that the Defendant entered into the plea agreement knowingly, voluntarily, and with the advice of counsel, and further that the Defendant was satisfied with the legal representation he received.[12]

At his Re-arraignment hearing, the Defendant was sworn and testified in his own words the crimes to which he was pleading guilty.[13]  The Defendant acknowledged under oath that he understood the maximum possible penalties and the fact that the Court may impose a sentence that varied from any predictions his attorney might have given.[14]  The Defendant acknowledged that he had signed the plea agreement himself after he had read and discussed the terms of the plea agreement with his counsel.[15]  The Court took great care explaining the waiver of appeal provisions, and the Defendant stated under oath that he understood the rights he was waiving.[16]  He also stated that no promises had been made to him regarding his sentence.[17]  The Defendant acknowledged that he had read and discussed the terms of the plea agreement with his attorney before he signed the plea agreement.[18]  The Defendant further acknowledged that he understood the appeal rights that he was waiving which were thoroughly explained by the Court.[19]  The factual basis was read into the record, and the Defendant confirmed that he had no corrections or objections to the factual basis presented.[20]  Additionally, the Defendant

---

[11] *Id.*
[12] *Id.* at p. 11.
[13] Rec. Doc. No. 82, p. 13.
[14] *Id.* at pp. 5-8, 14, & 20.
[15] *Id.* at pp. 17-18.
[16] *Id.* at pp. 19-20.
[17] *Id.* at pp. 7-9, 24-25.
[18] *Id.* at p. 4, 22.
[19] *Id.* at pp. 23-24.
[20] *Id.* at p. 13.
30883

claimed that he was fully satisfied with the advice and assistance he had received from his attorney and had no complaints regarding his counsel.[21]   The Court accepted the Defendant's guilty pleas.[22]

A revised Presentence Investigation Report ("PSR") in this case was issued on March 14, 2014.[23]   After proper calculations and adjustments for prior convictions and acceptance of responsibility, the Defendant's final total offense level was a 34.[24]   The probation officer made this calculation after determining that the Defendant was a career offender and the statutory maximum on Count 1 was life imprisonment; thus, the offense level was adjusted as such under USSG § 4B1.1(b)(1).[25]   The probation officer also made the determination that the Defendant was an armed career criminal which did not affect the offense level but did qualify the Defendant for a statutorily enhanced sentence.[26]   In determining the base offense level for Count 4, the PSR identified the following prior convictions:  an April 22, 2010 conviction for burglary of an inhabited dwelling in the 19th Judicial District Court, Baton Rouge, Louisiana; a separate April 22, 2010 conviction for burglary of a different inhabited dwelling on a different day in the 19th Judicial District Court, Baton Rouge, Louisiana; and a conviction for two counts of simple robbery in the 19th Judicial District Court, Baton Rouge, Louisiana.[27]

The Defendant received 16 criminal history points resulting in a criminal history category of VI based on the Defendant's prior criminal convictions for:  attempted felony

---

[21] *Id.* at p. 22.
[22] *Id.*
[23] Rec. Doc. No. 42.
[24] *Id.*, ¶¶ 22, 29, & 37-45.
[25] *Id.*, ¶ 41.
[26] *Id.*, ¶ 42.
[27] *Id.*, ¶¶ 29, 51, 52.
30883

theft; illegal carrying of a weapon (two convictions); resisting an officer; misdemeanor theft; burglary of an inhabited dwelling (two convictions); simple criminal damage to property; possession of cocaine; and simple robbery.[28]  Based on a total offense level of 34 and a criminal history category of VI, the Defendant's guideline range was 262-327 months for Counts 1 and 4, plus 60 months to be applied consecutively for Count Two, for a final guideline range of 322-387 months.[29]  Prior to sentencing, counsel for the Defendant submitted a motion and sentencing memorandum seeking a two-level reduction based on the United States Sentencing Commission's vote to reduce the base offense level for drugs by two levels, and that such reduction would be applied prior to the application of the career offender guideline.[30]  Under defense counsel's calculation, this would result in a total offense level of 30 and a guideline sentence range of 228-270 months, and defense counsel requested a sentence of 240 months to satisfy the statutory requirements and advisory guidelines identified in the PSR.[31]  At the sentencing hearing, the Defendant made no objections to the probation officer's determination that he qualified for sentencing under the ACCA and under the advisory guidelines as a career offender.[32]

The Defendant made no objections to the PSR prior to or during the sentencing hearing.[33]  At the sentencing hearing, the Court applied the two-level reduction requested by the Defendant's sentencing memorandum in accordance with the drug guideline

---

[28] *Id.*, ¶¶ 46-56, 59.
[29] *Id.*, ¶¶ 89-90.
[30] Rec. Doc. No. 51.
[31] *Id.* at pp. 5-6.
[32] *Id.*
[33] Rec. Doc. No. 83, Transcript of Sentencing Hearing, p7; Rec. Doc. No. 50.
30883

reduction and also granted the Government's U.S.S.G. § 5K1.1 motion to reduce the Defendant's guideline range for the substantial assistance provided by the Defendant, resulting in another one-level reduction in the guideline range.[34]   Nonetheless, the Government argued, and the Court ultimately found, that this two-level reduction did not affect the Defendant's ultimate sentence because of the application of the career offender guidelines.  Because Defendant's status as a career offender was based on the maximum sentence of life imprisonment rather than his drug quantity, his offense level returned to a 37 even after the application of this two-level reduction.[35]   Moreover, the Defendant conceded that the career offender guidelines applied.[36]

The Court then applied a three point reduction for acceptance of responsibility and another two point reduction as a result of the 5K1.1 motion, for a total offense level of 32.[37]   The Court thoroughly discussed the guidelines application, and the Defendant subsequently agreed to this calculation, including the operation and effect of the career offender guideline.[38]   With a new total offense level of 32 and a criminal history category of VI, the Court calculated a total guideline sentence range of 270-322 months, based on 210-262 months for Counts 1 and 4 and the mandatory consecutive 60 months for Count 2.[39]   The Court also found that the Defendant qualified as an armed career criminal as defined in 18 U.S.C. § 924(e) based on his current conviction of 18 U.S.C. § 922(g)(1) and three prior convictions of violent felonies or serious drug offenses, committed on

---

[34] *Id.* at pp. 2-4.
[35] *Id.* at p. 4.
[36] *Id.* at pp. 4-5.
[37] *Id.*
[38] *Id.* at p. 5.
[39] *Id* at pp. 8-9.
30883

different occasions, and that the statutory enhancement for an armed career criminal applied.[40]

Defense counsel requested a downward variance sentence of 240 months, which equaled the statutory mandatory minimums for Counts 1 and 4.  The Government objected to this request based on the Defendant's criminal history and sought a sentence at the top end of the guidelines.  The Court discussed its consideration of the 18 U.S.C. § 3553(a) factors and imposed a sentence of 210 months of imprisonment on Counts 1 and 4, a consecutive sentence of 60 months imprisonment on Count 2, for a total of 270 months imprisonment, and a five year term of supervised release.[41]  The Defendant subsequently appealed his sentence;[42] however, the Fifth Circuit dismissed Defendant's appeal as frivolous and allowed his counsel to withdraw.[43]  Defendant's *Motion to Vacate*[44] soon followed.

## II.    INEFFECTIVE ASSISTANCE OF COUNSEL

### A.    <u>Inducement</u>

The Defendant contends that he was denied effective assistance of counsel because his counsel misrepresented the consequences of the plea agreement and the possible sentence and induced him to plead guilty "through assurances that he would receive a sentence from 110 months to 120 months and 60 months run consecutively … all of which together equal 15 years."[45]

---

[40] *Id.*
[41] *Id.* at pp. 13-14.
[42] Rec. Doc. No. 55.  Defense counsel filed an *Anders* brief with the Fifth Circuit which the Defendant opposed.
[43] Rec. Doc. No. 91.
[44] Rec. Doc. No. 108.
[45] *Id.* at pp. 3-6.
30883

For sentencing purposes, "the Fifth Circuit has found that 'the defendant must be advised of and understand the consequences of the plea' for a guilty plea to be knowing and voluntary.[46]  A defendant is aware of the consequences of a guilty plea when he understands the worst possible outcome of the plea agreement and still chooses to plead guilty."[47]  Moreover, "as long as the defendant is advised of the maximum penalty which can be imposed, an attorney's erroneous prediction is insufficient basis to render a guilty plea unknowing or involuntary."[48]

In this case, the Defendant claims the he only pled guilty because he believed he would receive no more than 180 months imprisonment based on the alleged assurances from his counsel.  These claims, however, are directly contradicted by the Defendant's testimony at his Re-arraignment hearing and his signature on the plea agreement. Further, the Defendant fails to offer any facts or evidence to support his claim or provide any witnesses to the alleged assurances given by counsel.

Notably, "[p]risoners challenging guilty pleas on collateral review must overcome a 'strong presumption of verity' accorded 'solemn declarations' made in open court.[49] Prisoners must also overcome the presumption of regularity and 'great weight' accorded court documents."[50]  Thus, the Court finds that the Defendant's signed plea agreement and statements made under oath preclude the challenges he now brings.

---

[46] *United States v. Ray*, No. 11-79, 2015 WL 7451194 at *3 (E.D. La. Nov. 23, 2015)(quoting *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990)(citing *Barbee v. Ruth*, 678 F.2d 634, 635 (5th Cir. 1982))).
[47] *Id.*, citing *United States v. McKnight*, 570 F.3d 641, 648 (5th Cir. 2009).
[48] *United States v. Smith*, No. 11-0152, 2015 WL 6438874, at *5 (W.D. La. Sep. 14, 2015)(citing *United States v. Pearson*, 910 F.2d 221 (5th Cir.1990); *United States v. Gracia*, 983 F.2d 625, 629 (5th Cir.1993)).
[49] *United States v. Dantzler*, No. 10-0024-01, 2012 WL 6086869, at * 3 (W.D. La. Dec. 6, 2012)(quoting *Blackledge v. Allison*, 431 U.S. 63, 73–4 (1977)).
[50] *Id.* (quoting *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir.1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered 30883

First, the Court must note that, regardless of any alleged predicted sentence by defense counsel, the Defendant explicitly acknowledged under oath that his actual sentence could be different from any predictions given by his attorney.[51]  The Defendant also acknowledged in his signed plea agreement that the agreement contained no promises or assurances as to what his sentence would be.[52]  The Defendant testified that he understood that the Court could review the PSR and depart upward or downward from the guidelines based on the information disclosed in the PSR.[53]  Before accepting the Defendant's guilty pleas, the Court advised the Defendant that, by pleading guilty to Counts 1 and 2, he was face a mandatory minimum sentence of 15 years (180 months) and a potential maximum sentence of life in prison.[54]

The record in this case clearly and unequivocally demonstrates that the Defendant was fully informed of the consequences of his guilty plea and the plea agreement.  The defendant made repeated assertions of understanding and voluntariness during the plea colloquy at the re-arraignment and in the plea agreement.  The Defendant has failed to present any evidence to support his inducement allegations, and this claim is dismissed.

**B.    Failure to Make Objections, Withdraw Guilty Plea, Send Copies, Timely File Motions**

The Defendant also moves on the grounds that he had ineffective assistance of counsel because his attorney failed:  (1) to object to the sentencing calculation, (2) to

---

voluntarily and knowingly); *Bonvillain v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir.1986) (holding that court records are "accorded great weight")).
[51] Rec. Doc. No. 82, p. 14.
[52] Plea Agreement, Rec. Doc. No. 33, p. 9.
[53] Rec. Doc. No. 82, pp. 15-16.
[54] *Id.* at pp. 5-7
30883

withdraw the Defendant's guilty plea after calculation of the sentence, (3) to send a copy of the direct appeal filed by counsel to the Defendant, and (4) to timely file a Section 2255 motion.

The *Strickland* standards set forth above also apply to these claims by the Defendant.  In this case, the record does not support a finding that defense counsel's representation was unreasonable or deficient.   To the contrary, the Defendant acknowledged both in his signed plea agreement[55] and in his re-arraignment hearing testimony that he was satisfied with the legal representation he had received from counsel.[56]  Additionally, the record is clear that Defendant was fully informed of the consequences of the plea agreement which included his maximum potential sentence and the waiver of his appeal rights.

While it is true that defense counsel did not object to the Court's sentencing calculation, counsel did file a sentencing memorandum[57] requesting a reduction in the offense level and a total sentence of 240 months, which was also argued by counsel to the Court at the Defendant's sentencing hearing.[58]

As to the withdrawal of his guilty plea, the Defendant has presented the Court with no evidence that he instructed his counsel to withdraw his guilty plea after the Court's calculation of the sentence.  Defendant likewise fails to point to any fair and just reason for a request that the plea be withdrawn which is required under Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure.

---

[55] Rec. Doc. No. 33, p. 11.
[56] Rec. Doc. No. 82, p. 22.
[57] Rec. Doc. No. 51.
[58] Rec. Doc. No. 83, pp. 10-11.
30883

Defendant's claims that his counsel failed to provide him a copy of his appeal or timely file a Section 2255 motions are likewise without any factual basis or evidentiary support.  The Defendant was obviously in receipt of the *Anders* brief filed by his counsel since he responded to same in less than a month.[59]  The current Section 2255 motion was timely filed, and defense counsel had withdrawn at the time of filing.[60]  There is no evidence before the Court that defense counsel's representation in any way fell below the reasonable standard under *Strickland*.

Even if the Defendant had established that his counsel's representation was unreasonable, the Defendant has failed to satisfy the prejudice showing under *Strickland*. Nowhere does the Defendant allege that he would not have pled guilty and insisted upon going to trial had his counsel's advice been different.  He fails to present any evidence that counsel objection to the Court's calculation at sentencing would have led to a different outcome.  These claims are also without merit and shall be dismissed.

## III.    ARMED CAREER CRIMINAL ACT CLAIMS

The Defendant also contends that the Supreme Court's decision in *Johnson v. United States*[61] applies to his sentence.  In *Johnson*, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act is unconstitutionally vague. However, the Fifth Circuit has recently held that *Johnson* is not retroactively applicable to cases on

---

[59] Defense counsel certified that the *Anders* brief was mailed to Defendant on August 26, 2014.  The Defendant submitted an opposition to the *Anders* brief on September 15, 2014.
[60] *See* Rec. Doc. No. 91.
[61] —— U.S. ——, 135 S.Ct. 2551 (2015).
30883

collateral review.[62]  Consequently, as this Section 2255 motion is a motion for collateral review, *Johnson* provides the Defendant no basis for relief.[63]

Additionally, *Johnson* is inapplicable to Defendant's case because he was not sentenced under the residual clause of the ACCA.  As the Government pointed out, the Court did not strike the other provisions of the ACCA, including the "enumerated offenses" that precede the residual clause,[64] "or the remainder of the Act's definition of a violent felony," including the "force clause" in 18 U.S.C. § 924(e)(2)(B)(i).[65]  Thus, *Johnson* does not apply to the Defendant's sentence because he was sentenced under the ACCA pursuant to prior convictions for one of the four enumerated offenses qualifying under "the remainder of the Act's definition of a violent felony," such as the force clause.  The Defendant's two felony convictions for burglary of an inhabited dwelling fall under the enumerated offenses clause of Section 924(e)(2)(B)(ii) of the ACCA, and the felony conviction for simple robbery falls under the force clause of Section 924(e)(2)(B)(i) of the ACCA.  Because none of these prior convictions are based on the residual clause of the ACCA, *Johnson* is inapplicable to this sentence.[66]

---

[62] *In re Williams*, —— F.3d ——, 2015 WL 7074261 (5th Cir. 11/12/2015) citing *In re Rivero*, 797 F.3d 986, 988 (11th Cir.2015); *see also United States v. Hopkins*, 2015 WL 9605237 (W.D. La. Dec. 7, 2015).
[63] *Id.*
[64] 18 U.S.C. § 924(e)(2)(B)(ii).
[65] *Johnson*, 135 S.Ct. at 2563.
[66] Although not raised by the Defendant, the Court agrees with the Government that *Johnson* is likewise inapplicable to his career offender determination for similar reasons discussed under the ACCA.
30883

**IV.     CONCLUSION**

For the reasons set forth above, the Court finds that the Defendant's *Motion to Vacate under 28 U.S.C. 2255*[67] is DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana, on <u>February 29, 2016</u>.

*Shelly D. Dick*
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[67] Rec. Doc. No. 108.

30883