# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

CHRIS E. WILLIAMS

CRIMINAL ACTION

NO. 13-CR-146-SDD-EWD

## RULING

Before the Court is Petitioner's *Motion to Vacate under 28 U.S.C. § 2255*[1] which the Court interprets as a successive 28 U.S.C. § 2255 motion. Petitioner previously filed a motion pursuant to 28 U.S.C. § 2255, seeking to vacate his conviction and sentence.[2] The Court denied his § 2255 motion on February 29, 2016.[3] Petitioner did not seek a certificate of appealability or file a notice of appeal; thus, the *Ruling* became final sixty days later, on April 29, 2016.[4]

On March 15, 2021, Petitioner Williams filed a motion requesting leave to file a second or successive § 2255 motion,[5] arguing that his Armed Career Criminal Enhancement should be vacated, and his conviction under 18 U.S.C. § 922(g) is invalid.[6] He also makes arguments about the statute of limitations and about the procedural default

---

[1] Rec. Doc. No. 202.
[2] Rec. Doc. No. 140 at 7–12.
[3] *Id.* at 13.
[4] *United States v. McNairy*, 67 F. App'x 243 (5th Cir. 2003); *Drayton v. United States*, 125 F. App'x 480, 481 (4th Cir. 2005); Fed. R. App. P. 4(a)(1)(B); Fed. R. App. P. 22(b); 18 U.S.C. § 2253(c).
[5] Rec. Doc. No. 202 at 1.
[6] *Id.* at 2-4.

rule.[7]

Pursuant to 28 U.S.C. § 2244(b)(3)(A), before Petitioner may invoke this Court's jurisdiction to hear a successive § 2255 motion, he must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." Nothing in the record suggests that Petitioner received such permission. "[A] 'second or successive' petition [is] one that 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ."[8]

Petitioner's argument that he has newly available claims based on recent, retroactive jurisprudence does not dispense with the need to obtain permission from the Fifth Circuit to file this motion. The Fifth Circuit has addressed this very argument: "Newly available claims based on new rules of constitutional law (made retroactive by the Supreme Court) are *successive* under § 2244(b)(2)(A): Indeed, this is the reason why authorization is needed to obtain review of a successive petition."[9] Additionally, as the Government points out, the authority relied upon by the Petitioner became law more than a year before he filed his successive § 2255 motion earlier this year.[10] The Government argues that, as to these judicial decisions, "there was nothing that prevented Williams from making all the same arguments the defendants made in those cases prior to the issuance of those decisions. Nor was there anything preventing Williams from making his

---

[7] *Id.* at 1-4.
[8] *Leal Garcia v. Quarterman*, 573 F.3d 214, 220 (5th Cir. 2009) (footnote and internal quotation marks omitted).
[9] *Id.* at 221 (emphasis in original).
[10] *See* Doc. 202 at 3 (relying upon *United States v. Davis*, 139 S. Ct. 2319 (2019); *Johnson v. United States*, 576 U.S. 591 (2015); the First Step Act of 2018, and *Rehaif v. United States*, 139 S. Ct. 2191 (2019)); *cf.* 28 U.S.C. § 2255(f)(3)–(4).

First Step Act claim within a year of its enactment."[11]

The Government also maintains that transfer of this matter to the Fifth Circuit would be a waste of time and resources and would be redundant to the Petitioner's May 17, 2021 filing currently pending before the Fifth Circuit.[12] Indeed, "[a]s Fifth Circuit docket number 21-30135 shows, Williams has properly sought relief and appears to have made the same arguments he makes here … So, transferring this motion to the Fifth Circuit would be a waste of time and would not serve the interests of justice." The Court agrees.

Accordingly, Petitioner's *Motion to Vacate under 28 U.S.C. § 2255*[13] is DENIED without prejudice for lack of jurisdiction.

**IT IS SO ORDERED**.

Baton Rouge, Louisiana, this 29th day of September, 2021.

_____
**SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**

---

[11] Rec. Doc. No. 222 at 3 (noting that, according to Doc. 217 and Doc. 221, the First Step Act affords Williams no relief).
[12] Rec. Doc. No. 222-1.
[13] Rec. Doc. No. 202.