UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                CRIMINAL ACTION NO.

VERSUS                                                  13-146-SDD-EWD

CHRIS E. WILLIAMS

## RULING

Before the Court is a Motion seeking a modification of the term of imprisonment imposed upon Defendant Chris E. Williams ("Defendant") pursuant to § 404 (A) and (B) and 18 U.S.C. § 3582(c)(1)(B).[1] The Government opposes the Motion.[2] This Court previously denied Defendant's request to modify his term of imprisonment pursuant to § 404 (A) and (B), and because Defendant failed to provide any indication of the existence of any extraordinary and compelling reason for reduction of the sentence pursuant to § 3582(c)(1)(B), his Motion will be denied.

I.   **Background**

Defendant is currently serving a 270-month sentence for violations of 21 U.S.C. § 846, 18 U.S.C. § 924(c)(1)(A), and 18 U.S.C. § 922(g)(1).[3] Defendant previously moved for a sentence reduction pursuant to § 404 of the First Step Act of 2018,[4] which Motion this Court denied.[5] Because the Court already ruled on Defendant's request for a sentence reduction pursuant to § 404 of the First Step Act of 2018,[6] the instant Motion is

---

[1] R. Doc. 232.
[2] R. Doc. 234.
[3] R. Doc. 57.
[4] R. Doc. 203.
[5] R. Doc. 223.
[6] R. Doc. 223.

interpreted as seeking relief pursuant to § 3582(c)(1)(B), as he has captioned the Motion as seeking relief under this statute.

## II. Law & Analysis

### a. Standard

Section 3582(c)(1)(A) "authorize[s] a sentence reduction where: (1) 'extraordinary and compelling reasons warrant such a reduction,' (2) 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission,' and (3) such a reduction is appropriate 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'"[7] Before seeking relief from the court, a defendant must first submit a request to the facility's warden where he is housed to move for compassionate release on his behalf and then either exhaust his administrative remedies or wait 30 days from the warden's receipt of his request.[8] The Government does not argue that Defendant failed to exhaust.

Section 3582(c)(1)(A) does not define the "extraordinary and compelling reasons" that may merit compassionate release. The Sentencing Commission, however, has the authority to "promulgate general policy statements ... that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."[9] Extraordinary and compelling reasons include the defendant's medical circumstances, old age, family circumstances,

---

[7] *United States v. Shkambi*, 993 F.3d 388, 389 (5th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).
[8] 18 U.S.C. § 3582(c)(1)(A); *United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020).
[9] *United States v. Williams*, No. 3:18-CR-0291-B-2, 2021 WL 1865005, at *2 (N.D. Tex. May 10, 2021) (quoting *Shkambi*, 993 F.3d at 391).

whether the defendant is a victim of abuse, "other reasons," and whether he is serving an unusually long sentence.[10]

### b. Extraordinary and Compelling Reasons

The defendant bears the burden to establish circumstances exist under which he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i).[11] Defendant has failed to even indicate that any of the reasons articulated as "extraordinary and compelling" reasons justifying relief apply to him.[12] Because Defendant has failed to even indicate what about his individual circumstances is extraordinary and compelling, his Motion must fail.[13] Accordingly,

**IT IS ORDERED** that the Motion[14] filed by Defendant Chris. E. Williams is **DENIED**.

Signed in Baton Rouge, Louisiana, on this 22 day of August, 2024.

_____
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[10] *See* U.S.S.G. § 1B1.13(b).
[11] *United States v. Ennis*, EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release." (citing *United States v. Stowe*, No. CR H-11-803 (1), 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019))); *United States v. Wright*, Crim. Action No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").
[12] R. Doc. 232.
[13] To the extent the Motion could be interpreted as invoking provision (6) "Unusually Long Sentence," Defendant has failed to make any arguments to support a reduction under this provision. Because it is the defendant's burden to demonstrate that circumstances warrant relief, his Motion must fail. He has also failed to argue that the § 3553 factors support a sentence reduction.
[14] R. Doc. 232.