UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | 13-146-SDD-EWD |
| CHRIS E. WILLIAMS | |

**ORDER**

This matter is before the Court on a *Motion for Reduction of Sentence/Compassionate Release Pursuant to* 18 U.S.C. § 3582(c)(1)(A) filed by Defendant, Chris E. Williams ("Defendant").[1] The Government opposes this Motion, and Defendant has filed a reply.[2] For the following reasons, the motion is denied.

**Background**

Defendant is currently incarcerated at USP Hazelton, a high security U.S. Penitentiary located in Bruceton Mills, West Virginia.[3] Defendant's anticipated release date is September 20, 2034.[4] The Defendant now moves for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), claiming that he is entitled to compassionate release due to his "unusually long sentences," his relative "youth" at the time of the offenses, and his rehabilitation.[5]

**Compassionate Release**

Section 3582(c)(1)(A) "authorize[s] a sentence reduction where: (1) 'extraordinary and compelling reasons warrant such a reduction,' (2) 'such a reduction is consistent with

---

[1] R. Doc. 252.
[2] R. Docs. 259 & 263.
[3] *See* BOP Inmate Locator at https://www.bop.gov/inmateloc (last visited May 28, 2025).
[4] Id.
[5] R. Doc. 252, p. 2.

applicable policy statements issued by the Sentencing Commission,' and (3) such a reduction is appropriate 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'"[6] Before seeking relief from the court, a defendant must first submit a request to the facility's warden where he is housed to move for compassionate release on his behalf and then either exhaust his administrative remedies or wait 30 days from the warden's receipt of his request.[7] The Government does not argue that Defendant failed to exhaust.

Section 3582(c)(1)(A) does not define the "extraordinary and compelling reasons" that may merit compassionate release. The Sentencing Commission, however, has the authority to "promulgate general policy statements ... that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."[8] Extraordinary and compelling reasons include the defendant's medical circumstances, old age, family circumstances, whether the defendant is a victim of abuse, "other reasons," and whether he is serving an unusually long sentence.[9]

Even if a defendant demonstrates extraordinary and compelling reasons warranting release, the Court must still consider the § 3553(a) sentencing factors to determine if release is appropriate.[10] If the sentencing factors counsel against release, the district court has discretion to deny compassionate release.[11] Because the sentencing

---

[6] *United States v. Shkambi*, 993 F.3d 388, 389 (5th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).
[7] 18 U.S.C. § 3582(c)(1)(A); *United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020).
[8] *United States v. Williams*, No. 3:18-CR-0291-B-2, 2021 WL 1865005, at *2 (N.D. Tex. May 10, 2021) (quoting *Shkambi*, 993 F.3d at 391).
[9] *See* U.S.S.G. § 1B1.13(b).
[10] *Shkambi*, 993 F.3d at 393 ("[t]he district court…is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a).").
[11] *United States v. Jackson*, 27 4th 1088, 1089 (5th Cir. 2022).

factors in this case dictate against release, the Court pretermits discussion of the first two requirements under § 3582(c)(1)(A) and decides the matter on the third requirement, finding that a reduction in the sentence is not appropriate after considering the § 3553(a) factors.

Because the § 3553(a) factors must independently support a sentencing reduction, if those factors do not support a reduction, then Defendant's request fails, even if he has demonstrated extraordinary and compelling reasons.[12] Further, it does not appear the Court is precluded from considering the § 3553(a) factors prior to considering whether extraordinary and compelling reasons exist.[13] Here, consideration of the § 3553(a) factors dictate that Defendant's request be denied.

The factors the Court has considered in making this determination are as follows:

> **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
> **(2)** the need for the sentence imposed--
>   **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   **(B)** to afford adequate deterrence to criminal conduct;
>   **(C)** to protect the public from further crimes of the defendant; and
>   **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner….[14]

Defendant has twice moved for reductions in his sentence pursuant to the First Step Act, and in each case, the Court refused to reduce Defendant's sentence.[15] A defendant may

---

[12] The § 3553(a) factors offer "an alternative basis for denying relief." *United States v. McFadden*, No. 20-40801, 2022 WL 715489, at *3 (5th Cir. 2022) (citing *United States v. Chambliss*, 948 F.3d 691, 693-94 (5th Cir. 2020)).

[13] *Booth v. United States*, No. 14-39, 2022 WL 10585551, at *2 (S.D. Miss. Oct. 18, 2022) (addressing the sentencing factors as the first part in the analysis considering a compassionate release motion).

[14] 18 U.S.C. § 3553(a); *United States v. Bolton*, No. 09-166, 2024 WL 1966448, at *9 (E.D. La. May 3, 2024).

[15] R. Docs. 223 & 241.

be denied release based on, *inter alia*, his criminal history and the seriousness of his crimes, which in this case still dictate against release. Defendant is serving his current sentence as a result of guilty pleas to conspiracy to possess with the intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846; possession of firearms in furtherance of and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).[16] Defendant has failed to provide evidence that the § 3553(a) factors now dictate a different sentence than the sentence originally imposed. Reducing Defendant's sentence would not reflect the seriousness of the offenses, promote respect for the law, or provide just punishment.[17] Further, the nature of the offenses dictates against deviating below Defendant's original sentence.

Though Defendant urges this Court to find, without evidence, that he is rehabilitated,[18] evidence presented by the Government demonstrates that Defendant has been far from a model inmate and is still engaging in violent behaviors and actions that demonstrate no regard for rule of law.[19] For example, in 2024, Defendant was found in possession of a dangerous weapon, engaged in a fight with another inmate, was found to have been smuggling an unknown substance, and possessed drugs in violation of prison rules.[20] Considering the § 3553 factors in tandem with Defendant's continued conduct in BOP custody, he is not a candidate for compassionate release. Accordingly,

---

[16] R. Doc. 33.
[17] Defendant attempts to argue that his crimes were "victimless," which indicates to this Court that he has still not appreciated the seriousness of his crimes. R. Doc. 263, p. 15.
[18] R. Doc. 252, pp. 12-13.
[19] R. Doc. 259-2.
[20] R. Doc. 259-2, pp. 1-2.

## Conclusion

**IT IS ORDERED** that the Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(C)(1)(A) filed by Defendant, Chris E. Williams, is **DENIED**.[21]

Signed in Baton Rouge, Louisiana, on this __5th__ day of June, 2025.

*Shelly D. Dick*

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[21] R. Doc. 252.